## RICHARD W. REED y. THOMAS G. NEW.

1. EVIDENCE; *Immaterial Question.* Where the question whether the defendant had an insurance on certain property, or not, arises incidentally in the case, and the plaintiff proves that he had, and the defendant afterward, by his own testimony, shows that he had, it is immaterial whether the evidence showing in the first instance that he had such an insurance is competent, or not.

2. HORSES — *Value* — *Competent Witness.* Where a witness is shown to have been a farmer and a livery-stable keeper, and that he has dealt in horses and has some knowledge of the value thereof, he may testify with regard to the value of particular horses which he has known and owned; and it will generally be presumed, in the absence of evidence to the contrary, that a dealer in any particular kind of articles has sufficient knowledge of the value of such articles that he may testify with regard thereto.

3. ———— *Held,* That there was no error in charging the jury.

### *Error from Dickinson District Court.*

ACTION brought by *New* against *Reed,* to recover $1,373.50, the alleged value of certain personal property. Trial at the January Term, 1885, and judgment for plaintiff for $1,250. The defendant brings the case to this court. The opinion sufficiently states the facts.

*John H. Mahan,* for plaintiff in error.

*W. S. Stambaugh,* and *J. R. Burton,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Thomas G. New against Richard W. Reed, to recover $1,373.50, the alleged value of certain personal property, consisting of horses, buggies, harness, etc., used in carrying on and conducting a livery stable, which property it is alleged the defendant intentionally burned and destroyed by fire. The answer was a general denial. The case was tried before the court and a jury, and the jury rendered a general verdict in favor of the plaintiff and against the defendant for $1,250; and the court

rendered judgment accordingly. The defendant brings the case to this court, and asks for a reversal of the foregoing judgment.

The right of the plaintiff to recover depends solely upon the question whether it was the defendant, or some one else, who set the fire to the livery stable which consumed it and the plaintiff's property; and the only proof that tended to show that it was the defendant who started the fire, was purely circumstantial evidence. There was no direct testimony introduced on the trial tending to show that the defendant started the fire, while his own testimony was that he did not. It appeared at the trial that for some time prior to the burning of the livery stable, and up to within five days of that time, the defendant carried on and operated the livery stable himself; that he then owned the entire stock and materials necessary for that purpose, and that he also owned two sheds attached to the livery stable, but that he did not own the stable itself, but only had a lease thereof. It also appeared that prior to the fire, the defendant's lease expired, and that the plaintiff leased the stable from the owners thereof, and had taken possession of it. The defendant, however, owned the following property, which still remained in the stable: Six horses, four double sets and four single sets of harness, four saddles, and some other articles; and he also owned the two sheds above mentioned. All this property was consumed by the fire, except three of the horses. The plaintiff also had a large amount of property in the stable, all of which was consumed by the fire, except one horse. The plaintiff's property destroyed by the fire was found by the jury to be worth $1,250. The value of the defendant's property destroyed by the fire was about $650. The plaintiff prosecuted this action upon the theory that the defendant set the fire to the stable for the following reasons: For revenge against the owners of the stable for renting it to the plaintiff, and for revenge against the plaintiff because he procured a lease thereof and deprived the defendant of the use of the same; and the plaintiff also introduced evidence for the purpose of showing that the de-

fendant had his own property insured for more than it was worth, and therefore that he would not lose anything by having it destroyed by fire. The defendant objected and excepted to the introduction of this evidence; and whether the introduction of such evidence constitutes material error or not is the principal question involved in this case, and the first one which we shall consider. It was clearly proper for the plaintiff to prove that the defendant had an insurance on his property, but whether the evidence introduced to prove this fact was competent or not is the real question which the defendant (plaintiff in error) desires to present. We hardly think that we need to consider this question, for the defendant himself proved by his own testimony that he had an insurance on the property; that he had a sufficient insurance to cover all the property destroyed; that the property destroyed was worth about $650, and that he received from the insurance company by way of compromise $500. This was a waiver of the original error, if any error was committed.

There does not appear to have been any claim in the case that the original insurance was excessive; nor does it appear that in fact it was excessive. The defendant's property in the barn was in all probability at the time the insurance was effected worth vastly more than the amount of the insurance; and while he had removed a large portion of the property from the barn before the fire, yet it appeared from the evidence that he had removed it for a sufficient reason. In fact, all of it should have been removed before that time, as the defendant no longer had any right to the premises. It will also be noticed that the question whether the defendant had an insurance on his property, or not, arises only incidentally in the case, and not directly. The suit is not an action on the insurance policy.

It was necessary on the trial for the plaintiff to prove the value of the property for which he sued and which was destroyed by fire, and in doing so he introduced the testimony of himself and several other witnesses; and it is claimed that the court below erred in permitting these witnesses to testify

with regard to the value of the property, for the reason that they were not shown to have sufficient knowledge of the value of such property. And here again we might say, that it is not necessary to decide whether the court erred in admitting the testimony without sufficient preliminary proof of the witnesses' knowledge of values having first been introduced, for additional evidence of their knowledge of values was afterward introduced. The question is, whether it appears from the whole of the witnesses' testimony that they had sufficient knowledge of the value of this kind of property to testify intelligently with regard thereto. The plaintiff testified with regard to the value of the horses. He stated that he had some knowledge of the value of this kind of property. It was also shown that he was 38 years of age; that for several years he had been a farmer in that county, and had been such up to about eighteen months before the fire occurred, when he removed to the city of Abilene, where he remained for about eighteen months before the fire occurred; that he had dealt in cattle and horses; that he had leased the livery stable and had stocked it with horses of his own, and that he had been in the possession of the livery stable and in the livery business for about five days before the fire occurred. This, we would think, gave him sufficient knowledge of the value of horses to enable him to testify with regard thereto. Indeed, the most of people, and particularly farmers and livery-stable men, have some knowledge of the price of horses. Besides, the defendant did not attempt by cross-examination or by other evidence to dispute the values placed upon the horses by the plaintiff. It is also claimed that the evidence of the witness Worley, with regard to the value of harness, whips, lap-robes, etc., was not competent. We however think otherwise. He was shown to be a dealer in such articles, and evidently knew their value. In the absence of evidence to the contrary, such at least will be presumed:

It is further claimed that the court below erred in charging the jury. Now we think the instructions of the court were very fair as toward the defendant; and the defendant did not

ask for any additional instructions, nor, indeed, for any instructions.

The judgment of the court below will be affirmed.

All the Justices concurring.